Randy Miller Executive Director Department of Revenue Tallahassee
QUESTIONS:
1. Is there presently any authority for the Department of Revenue to cancel tax certificates pursuant to s. 2, Ch. 20981, 1941, Laws of Florida?
2. Would a tax certificate have been canceled, pursuant to s. 1, Ch. 20981, 1941, Laws of Florida, when taxes were not paid for 1935 and subsequent years because no actual assessment entry was made on the tax roll for the property subject to the tax certificate, in light of the fact that s. 2, Ch. 17400, 1935, Laws of Florida, would seem to have deemed the property to have beenassessed in any case and further in light of the fact that payment of taxes assessed for those years would seem to be a requirement for cancellation of the tax certificate?
SUMMARY:
The clerks of the circuit courts for the various counties in which land subject to Futch Act tax sale certificates is located should have possession of any outstanding Futch Act tax sale certificates or, if such certificates have been erroneously transferred to the tax collector, the clerks of the circuit courts should reobtain possession of such certificates from the tax collector. It is the duty of the clerk to cancel and satisfy of record without payment of fees therefor any such outstanding Futch Act tax sale certificates. A tax sale certificate within the purview of the Futch Acts was canceled by operation of law by Ch. 20981, 1941, Laws of Florida, even though the taxes were not paid for 1935 and subsequent years because the property was entirely omitted from the tax roll.
AS TO QUESTION 1:
The 1933 Legislature, in response to the depression and its effect on the ability of landowners to pay their property taxes, passed the `Futch Act.' See Ch. 16252, 1933, Laws of Florida. The Futch Act placed a 5-year freeze on the transfer or enforcement of state-owned tax certificates. As amended by Ch. 17400, 1935, Laws of Florida, the act specifically provided that between 1933 and 1938 there was to be no enforcement of stateowned tax certificates arising from property taxes accrued before 1933. This 5-year moratorium was designed to give the landowners time to pay for their pre-1933 property taxes. The effect of the Futch Act was noted in the Biennial Report of the Attorney General, 1945-1946, pgs. 308 and 319. In AGO 045-143, supra at 308, it was noted, regarding the Futch Act:
 The Futch Act (Chapter 16252, Acts of 1933) had the effect of suspending or freezing state-held tax certificates issued in 1931 and prior years for fifteen years, if the taxes for the years 1932 through 1936 were paid before July 1, 1937.
In AGO 045-60, supra at 319, it was noted, regarding the 1935 amendment to the Futch Act:
 Under Chapter 17400, Acts of 1935, which amends Chapter 16252, Acts of 1933, commonly called the Futch Act, if taxes assessed for the years 1934, 1935, 1936, 1937 and 1938 were paid in full prior to July 1, 1939, all tax certificates and liens for delinquent taxes against real property for the year 1933 and previous years would be held by the state beginning with July 1, 1939 for 15 years.
In 1937, however, the Legislature saw that tax debts exceeded the value of the land. The Murphy Act (Ch. 18296, 1937, Laws of Florida) was passed. It enabled taxpayers to settle large amounts of delinquent taxes for a nominal amount. As opposed to the Futch Act which benefited landowners keeping up with their current taxes, the Murphy Act benefited those who were not paying any taxes during the 1930's.
To blunt this criticism, the Legislature in 1941 passed Ch. 20981, 1941, Laws of Florida. Section 1 of the act canceled and discharged all state and county tax certificates and liens for delinquent taxes held by the state on real estate, which `tax certificates and liens were outstanding at the time of the enactment of, and enforcement and assignment of which have been deferred pursuant to . . . the Futch Act . . . providing all taxes assessed against said real estate required to be heretofor paid by said (Futch) act, as amended, have been duly paid.' Section 2 of the act directed the Comptroller [and later the Department of Revenue, s. 197.235, F. S. 1969, as successor to the powers of the Comptroller in this regard, s. 21, Ch. 69-106, Laws of Florida] and the clerks of the circuit courts to cancel and satisfy of record all such outstanding tax certificates and liens canceled and discharged by s. 1 of the act. These provisions were ultimately codified as ss. 197.230 and 197.235, F. S. 1969.
The effect of the enactment of Ch. 20981, 1941, Laws of Florida, was noted in AGO 045-60, supra at 319: `In 1941 the legislature passed Chapter 20981 which cancelled and discharged the lien of all tax certificates held by the state by authority of the Futch Act.'
In a comprehensive revision of Ch. 197, F. S., the Legislature expressly repealed ss. 197.230 and 197.235 in 1972. See ss. 3 and 4 of Ch. 72-268, Laws of Florida. The repeal of ss. 197.230 and 197.235 by ss. 3 and 4 of Ch. 72-268 was accompanied by a reviser's note which stated:
 These sections relate to tax certificates sold to the state. This situation resulted from the Futch act of 1935 which expired fifteen years later in 1950. [Section 4 of Ch. 72-268]
This leaves the question before us in proper light. Who has the express or necesssarily implied statutory authority to document of record the cancellation and satisfaction of record of these certificates and the discharge of the lien thereof effected by operation of law? For the tax years directly affected by the provisions of the Futch Act, the general laws of Florida provided that if no bids were received at a tax sale, the tax collector was to bid off the land to the state. Section 972, C.G.L., Vol. 1. At the tax sale the tax collector was to make out a list in triplicate of all tax sales: one list to go to the Comptroller, one list to the clerks of the circuit courts, and one list to be retained by the tax collector. Section 976, C.G.L., Vol. 1. All state tax certificates were held by the appropriate clerk of the circuit court, and all redemptions of such state-owned tax certificates were handled by the clerk of the circuit court. Section 983, C.G.L., Vol. 1. With the enactment of s. 197.356, F. S., by s. 1, Ch. 72-268, Laws of Florida, as amended by s. 26, Ch. 73-332, Laws of Florida, the clerks of the circuit courts were directed to deliver to the county tax collector all lists of lands sold for taxes and `certificates for his collection' as well as `all records necessary for the administration of their duties under this chapter.'
Pursuant to s. 197.230, F. S. 1969, all Futch Act tax certificates were canceled and the lien thereof discharged by operation of law upon compliance with the express provisions of such statute as to payment of all taxes assessed against the affected real estate required to be theretofore paid by the Futch Act. Such certificates were those held by the state which `were outstanding at the time of the enactment of, and the enforcement and assignment of which have been deferred pursuant to' the Futch Act.See AGO 045-60, supra at 319.
Chapter 72-268, Laws of Florida, created s. 197.356, F. S. (1972 Supp.), which provided in pertinent part:
 (1) For the calendar year 1972 the clerks of the circuit court shall continue to administer delinquent taxes.
 (4) All clerks of the circuit court and municipalities shall deliver to the county tax collector all delinquent tax rolls and certificates for his collection.
Additionally, s. 26, Ch. 73-332, Laws of Florida, directed that s. 197.356, F. S. be amended to provide in pertinent part:
 (4) All clerks of the circuit court and municipalities shall deliver to the county tax collector all lists of land sold for taxes and certificates for his collection. . . .
 (5) The clerks of the circuit court shall deliver to the collectors all records necessary for the administration of their duties under this chapter.
 (6) All certificates issued prior to the effective date of chapter 72-268, Laws of Florida, shall remain in force with all rights then vested plus any that are created by chapter 72-268, except that the interest rate limit of eight percent (8%) for all years subsequent to the first year after issuance shall remain in effect.
In light of the above provisions, prior to 1972 the clerks of the circuit courts retained both possession of and responsibility for canceling Futch Act tax sales certificates. At the time of the transfer of the clerk's duties regarding the administration of the delinquent ad valorem taxes from the clerks to the tax collectors, the clerks of the circuit courts could not in fact, because of the provisions of s. 197.230, F. S. 1969, have transferred to the tax collector any valid and enforceable Futch Act tax sale certificates `for his collection' or any duties regarding enforcement or collection of Futch Act tax sale certificates. Rather, all such certificates had become null and void well prior to the enactment of Ch. 72-268, Laws of Florida.
The legislative branch, with the enactment of s. 197.230, F. S. 1969, stated as a governmental purpose and objective that Futch Act tax sale certificates and the liens thereof were canceled and discharged by operation of law and directed in s. 197.235, F. S. 1969, that the Department of Revenue and the clerks of the circuit courts `cancel and satisfy of record all such outstanding tax certificates and liens.' (Emphasis supplied.) Since the clerk of the circuit court had possession of the Futch Act tax sale certificates `held by the state' and was the officer charged with responsibilities over public records within the county in which the lands subject to the Futch Act tax sale certificates were located, the primary responsibility for the cancellation and satisfaction of record of the tax sale certificates was reposed in the clerk of the circuit court prior to the enactment of Ch. 72-268, Laws of Florida.
*4168 Relative to the payment of any fees to the clerks for the discharge of their duties regarding cancellation and satisfaction of Futch Act tax sale certificates, in AGO 047-112, Biennial Report of the Attorney General, 1947-1948, p. 199, it was provided:
 Section 193.05, Florida Statutes, 1941, being section 2 of said chapter 20981, Laws of Florida, 1941, says:
 `The comptroller of the state of Florida and the clerks of the circuit courts are hereby authorized and directed to cancel and satisfy of record all such outstanding tax certificates and liens cancelled and discharged by section 193.04.'
 I can find no provision in the law allowing compensation to the clerks for such service and in the absence of any such law, the clerks are not entitled to any compensation therefor.
Section 193.05, F. S. 1941, was later renumbered s. 197.235, F. S. 1969, without any change in the statutory language, except for the substitution of the Department of Revenue for the Comptroller, and was thereafter repealed by Ch. 72-268, Laws of Florida. Consequently, in accordance with AGO 047-112, the clerks were not entitled by law to any compensation for the performance of their duty of canceling and satisfying of record Futch Act tax sale certificates because of `the absence of any such law' providing for the same.
In the instant matter, s. 197.235, F. S. 1969, directed the Department of Revenue and the clerks of the circuit court `to cancel and satisfy of record all such outstanding tax certificates and liens canceled and discharged by section 197.230.' (Emphasis supplied.) When the duties and responsibilities of the clerk were transferred to the tax collector regarding the administration of delinquent taxes by Ch. 72-268, Laws of Florida, it was expressly provided in the newly created s. 197.356, F. S., that:
 (3) No Clerk of the Circuit Court shall be relieved of accountability for any duty performed by his office prior to the transfer of the duty to the tax collector.
Further, s. 197.056(1), F. S., presently embodies the following provision first enacted by s. 1, Ch. 10040, 1925, Laws of Florida, that:
 . . . any acts of omission or commission [by clerks of the circuit courts] may be corrected at any time by the officer or party responsible for them in like manner as provided by law for performing acts in the first place, and when so corrected they shall be construed as valid ab initio. . . . (Emphasis supplied.)
Since the clerk of the circuit court was directed by s. 197.356(4), F. S., as created by s. 1, Ch. 72-268, Laws of Florida, to deliver to the tax collector all `certificates for his collection,' and since all Futch Act tax certificates had long been void by 1972 and impossible to collect upon, such tax sale certificates should not have been transferred to the tax collector pursuant to Ch. 72-268. Consequently, it is the clerk of the circuit court for the county in which the land subject to the Futch Act tax sale certificates is located who should now have possession (or who should obtain possession if improperly transferred to the tax collector) of any outstanding Futch Act tax sale certificates and who remains accountable for performing the duty of canceling such certificates of record without payment of a fee. Question 1 is, therefore, answered accordingly.
AS TO QUESTION 2:
This question is answered in the affirmative. In AGO 058-122, Comptroller Ray E. Green asked (what is) in substance the identical question:
 Where there was an outstanding tax sale certificate encumbering certain lands within the purview of the Futch acts, or one of them, but such lands were entirely omitted from the tax rolls from 1905 until 1948 when they were put back on the said rolls, did such omission bring the said lands under the Futch acts so as to authorize cancellation under the 1941 act?
This question was answered in the affirmative based upon a consideration and construction of ss. 192.04, 192.21, and 192.23, F. S. 1957. Such statutes continue to be incorporated in the Florida Statutes, though renumbered ss. 192.053, 197.056(1), and193.092(1), F. S. 1977, respectively. The essence of AGO 058-122 is based upon the premise that a valid assessment of tax is ordinarily essential to the creation of a tax lien and since:
 The land, not having been entered on the tax rolls between 1905 and 1948, taxes never became liens on the lands involved and there were no taxes due or payable for the said omitted years. When the lands were returned to the tax roll in 1948 there was no authority to back assess for the years 1932 through 1938. There were no taxes due and payable for the years covered by the Futch acts. No taxes were due for said years, so that no taxes were paid for those years.
In AGO 058-122 it was specifically concluded that an outstanding tax sale certificate involving certain lands was within the purview of the Futch Act even though such lands were entirely omitted from the tax rolls during the period 1932-1938, including 1935 and subsequent years, the specific years to which your inquiry is addressed. The opinion further concluded that cancellation of the tax sale certificate was authorized under Ch. 20981, 1941, Laws of Florida (s. 197.235, F. S. 1969).
In AGO 045-60, supra at 319, involving a situation in which the property was exempt from taxation and thus no taxes were payable for the period 1933-1944, it was concluded that the tax certificate at issue therein was within the purview of the Futch Act and was canceled by operation of law.
 In 1941 the legislature passed Chapter 20981 which cancelled and discharged the lien of all tax certificates held by the state by authority of the Futch Act. (Emphasis supplied.)
In light of the conclusions enunciated in AGO's 058-122 and 045-60, a tax sale certificate within the purview of the Futch Act was canceled by operation of law by Ch. 20981, 1941, Laws of Florida, even though taxes were not paid for 1935 and subsequent years because the property was entirely omitted from the tax roll. I can find nothing in the subsequent enactments of the Legislature which would reverse this cancellation of the tax certificate by operation of law as effectuated by Ch. 20981.
In summary, therefore, I am of the opinion that it is the clerks of the circuit courts for the various counties in which land subject to Futch Act tax sale certificates is located who should either have possession of, or, if erroneously transferred to the tax collector, should obtain possession from the tax collector of any outstanding Futch Act tax sale certificates. It is the duty of the clerk pursuant to s. 197.056(1), F. S., to cancel and satisfy of record, without payment of fees therefor, any such outstanding Futch Act tax sale certificates. A tax sale certificate within the purview of the Futch Act was canceled by operation of law by Ch. 20981, 1941, Laws of Florida, even though the taxes were not paid for 1935 and subsequent years because the property was entirely omitted from the tax roll.
Prepared by:
Harold F. X. Purnell Assistant Attorney General